**FILED**

JUN 2 2 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Frederick Banks,                    )
                                    )
        Plaintiff,                  )
                                    )        Case: 1:15-cv-00959  Jury Demand
        v.                          )        Assigned To : Unassigned
                                    )        Assign. Date : 6/22/2015
Timothy Pivnichny *et al.*,         )        Description: Pro Se Gen. Civil  (F Deck)
                                    )
        Defendants.                 )
_____     )

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*.  The application will be granted and the case will be

dismissed pursuant to 28 U.S.C. § 1915(e), which requires the Court to dismiss a complaint upon

a determination that it, among other grounds, is frivolous.

Plaintiff, a resident of Pittsburg, Pennsylvania, purports to sue a long list of officials and

judges for essentially setting him up for unspecified acts.  The list of defendants includes

President Barack Obama, FBI Director James Comey, CIA Director John Brennan, former

Secretary of State Hillary Rodham Clinton, and former Massachusetts Governor Mitt Romney.

Plaintiff also names as defendants the Administrative Office of the U.S. Courts, the United States

Senate, the United States Congress, and the Pittsburgh Post-Gazette.  Plaintiff seeks damages

exceeding $500 million dollars "for violations of his Fifth and Fourteenth Amendment Right to

Due Process and because the Sioux Treaty of Fort Laramie was violated."  Compl. at 3.  Plaintiff

claims that "[e]ach and every defendant acted as 'bad men' in violation of the treaty when they

either set [him] up  or covered it up or refused to investigate [his] allegations."  *Id.*

The most cogent allegation is that lead defendant Timothy Pivnichny, identified in the complaint as an FBI Special Agent, pointed a loaded handgun at plaintiff's fiancé during an interview with her in 2003 and 2004 to intimidate her.  Compl. ¶ 1.  Even if true, plaintiff lacks standing to pursue a claim arising from that incident.  As to himself, plaintiff alleges, among other things, that Pivnichy "[l]ater . . . used his [intimidation] skills . . . to repair and cause to repair of an Orbit II DVD/CD Copier made by Microboards[,] [but] didn't know . . . that Plaintiff had called Microboards just prior to him confiscating the Microboards Orbit II . . . to let them know that the machine never worked and that he needed to return it to get repaired or replaced." *Id.*  Plaintiff further alleges that "when the Orbit II was next seen and demonstrated by Pivnichny amazingly the Orbit II worked.  Pivnichny either fixed it or caused it to be fixed.  In these two ways he set up [plaintiff]." *Id.*  Allegedly, "[a]fter [plaintiff] attempted to expose Pivnichy . . .[,] agents of the CIA started bombarding him with a wireless signal to electronically harass him at the request of the FBI to retaliate for [plaintiff] having exposed the fact that Pivnichny set him up." *Id.*  Plaintiff then "relayed this information to Torsten Ove of the Pittsburgh Press Gazette," who, "authored six sep[a]rate articles in the Post Gazette lambasting [plaintiff]." *Id.*

The instant complaint is premised on the type of fantastic and delusional scenarios warranting dismissal of the case under § 1915(e)(2)(B)(i) as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").  Furthermore, a frivolous dismissal is warranted when, as here, the

complaint lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984).  A separate order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date:  June 18 , 2015